(Reap. Dec. 8275)

ARIS GLOVES, INC. *v.* UNITED STATES

Entry No. International Airport 848.

(Order dated January 6, 1954)

*Mary Rehan* for the plaintiff.

*Warren E. Burger,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

### ORDER

MOLLISON, Judge: This is an appeal for reappraisement of certain gloves exported from Germany on or about October 2, 1948. The merchandise was entered at the invoiced prices, which are claimed to represent the correct value of the goods on the basis of export value. It was agreed by counsel for the parties that no foreign value, as that value is defined in section 402 (c), as amended, of the Tariff Act of 1930, existed for the merchandise and that the correct basis of value is export value, as defined in section 402 (d) of the said Act. The appraised values represented an advance of approximately 25 per centum over the entered values.

Counsel for the parties entered into a stipulation in open court as follows:

(1) That there is no foreign value for the merchandise.

(2) That the price at which this merchandise is freely offered for sale in the ordinary course of business to a class of trade known as wholesalers or jobbers is the entered value.

(3) That the price at which this merchandise is freely offered for sale to all purchasers of any other class of trade designated by the exporter is the appraised value.

(4) That the question of usual wholesale quantity is not involved, and the price does not vary with the quantity purchased.

If the question presented were strictly limited to the stipulated facts, this would simply be a case where the category of the pur-

chaser determined the price at which such or similar merchandise was offered for sale. However, during the course of stating the issues, counsel for both parties apparently agreed on certain facts which, it seems to the court, are possibly inconsistent with certain stipulated facts and make imperative further inquiry into the matter.

It appears from the said statements of counsel that at the time of exportation of the merchandise at bar there existed in Germany an agency known as the Joint Export-Import Agency, the name of which was abbreviated to J. E. I. A. The purpose of this agency is stated to be to assist the Germans in reestablishing businesses which had ceased because of the recent war.

The exact composition, authority, and function of the Joint Export-Import Agency are not further delineated in the record. It appears that J. E. I. A. contacted the importer herein and was instrumental in arranging a contract between the importer and a German manufacturer, named Luick & Pirmann, for the manufacture and sale of gloves. Part of the order given by the importer under the contract is represented by the merchandise here involved.

It appears that all contracts, including the details as to price, by the manufacturer required the approval of J. E. I. A. and that the proceeds of each shipment were required to be paid to J. E. I. A. in American dollars and that J. E. I. A. would thereupon pay the manufacturer in German marks. It does not appear that J. E. I. A. took any title to the goods or assumed any risks or conducted itself in any other way as a seller.

It further appears that when persons other than wholesalers and jobbers wished to buy gloves from the manufacturer the price to them, set by J. E. I. A., was approximately 25 per centum higher than the price charged wholesalers or jobbers; that the proceeds of such transactions were likewise required to be paid in American dollars to J. E. I. A., but that J. E. I. A. transmitted to the manufacturer only the same amount in German marks that the manufacturer received on sales to wholesalers and jobbers.

It, therefore, appears that, so far as the manufacturer, seller, and exporter was concerned, the price at which the merchandise was offered and sold did not vary by reason of the category of the purchaser and that it was the interposition of J. E. I. A. which caused the price differential. Under the circumstances, the court is of the opinion that the record is insufficient upon which any finding as to the correct value of the goods may be made and that the ends of justice would be best served by setting aside the submission heretofore made and restoring the case to the next regular calendar in order that the fact situation may be clarified.

It is so ordered.