(Reap. Dec. 8718)

ARIS GLOVES, INC. *v.* UNITED STATES

Entry No. 848.

(Decided December 28, 1956)

*Mary Rehan* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

MOLLISON, Judge: This case has been before me for trial three times, and twice was restored to the calendar for the purpose of securing evidence upon which a finding of value might be based. See the opinions reported in 32 Cust. Ct. 545, Reap. Dec. 8275, and 34 Cust. Ct. 437, Reap. Dec. 8385.

Briefly stated, the record shows that the exportation of the merchandise the subject of this case was effected at a time when German manufacturers were subject to the control of an agency of the allied

Governments known as the Joint Export-Import Agency (abbreviated JEIA). This agency not only had the power to set the prices which manufacturers could receive for their goods, but also the currency in which the purchasers would have to pay and the rate of exchange which would be used in converting the currency.

Thus, the record shows that although the German manufacturer offered the merchandise to all classes of purchasers at the same reichsmark prices, the contracts of sale, which were under the control of JEIA, were expressed in United States dollars, and the agency had a policy whereby the rate of exchange applied to purchases was different for the different categories of purchasers.

It appears that the United States dollar prices charged wholesalers (in which category was the importer) were calculated at a rate of exchange which returned to the German manufacturer the equivalent in German reichsmarks, whereas the American dollar prices charged retailers were calculated at a rate of exchange about 25 per centum higher. Payments were made by the purchasers to JEIA, who remitted to the German manufacturer reichsmarks equivalent to the German reichsmark prices charged wholesalers and retained the balance.

In effect, plaintiff contends that the intervention of JEIA into the transaction should be ignored and that, inasmuch as the German manufacturer actually offered the merchandise to all purchasers at the same German reichsmark prices, and received in payment only that amount of German reichsmarks, the equivalent United States dollar prices paid by the importer herein, from which JEIA deducted nothing in conversion, should be accepted as representing export value. (It was agreed that no foreign value existed for such or similar merchandise.)

Unfortunately, the effect of the intervention of JEIA on the offer and sale of such or similar merchandise is a fact which under the precise wording of the valuation statute cannot be ignored. There can be no doubt but that the ordinary course of trade in the offer of merchandise such as or similar to that here involved in Germany at or about the time of exportation of the merchandise at bar was that such offers proceeded through JEIA; that is to say, no offer by a German manufacturer in reichsmarks was effective and could be acted upon until the offer had been translated into dollars at the rate or rates of exchange set by the agency. Therefore, the actual and real offer of merchandise such as or similar to that here in issue was in dollars, not in reichsmarks, and the dollar offered price was not the same to all purchasers, but depended upon the category of the purchaser.

In the opinion of the writer, on the foregoing facts, there was no price at the manufacturer's level at which merchandise such as or similar to that involved was freely offered for sale to all purchasers within the meaning of the export value statute, section 402 (d) of the tariff act, as amended.

The foregoing, in more detailed fashion, and with the citation of authority, is set forth in my opinion reported as Reap. Dec. 8385. The case was restored to the calendar for the purpose of permitting the parties to offer evidence which would support a finding of value within the framework of the valuation statute, section 402, *supra*.

When called for trial, the case was resubmitted for decision upon the record already made, without the addition of any other evidence, and, although counsel have filed additional briefs, there is no change in the factual and legal situation as set forth in Reap. Dec. 8385.

Under the circumstances, I have no other course than to hold that the plaintiff has failed to establish any other values for the merchandise at bar than those returned by the appraiser, which, by statute (28 U. S. C. § 2633), are presumed to be the values of the merchandise.

On the record before me, I find as facts:

(1) That the involved merchandise consisted of gloves exported from Germany on or about October 2, 1948.

(2) That at or about that time there was no price at which such or similar merchandise was freely offered for sale for home consumption in Germany.

(3) That in the ordinary course of trade at or about that time the actual offers of such or similar merchandise in the foreign market for sale for exportation to the United States were made in United States dollars through the Joint Export-Import Agency of the allied Government.

(4) That the offered price in each case depended upon the category of the purchaser.

(5) That no other evidence which would support any other findings of fact was offered by the parties.

I conclude as matters of law:

I. That there was no foreign value as defined in section 402 (c), as amended, of the Tariff Act of 1930 for the merchandise at bar.

II. That the parties have failed to offer evidence which would support a finding of value upon any other statutory basis.

III. That, under such circumstances and in accordance with the statutory presumption set forth in 28 U. S. C. § 2633, the values returned by the appraiser are the correct values for the merchandise.

Judgment will issue accordingly.